## Phillips, County Judge v. Broach, County School Superintendent.

(Decided December 2, 1919.)

Appeal from Calloway Circuit Court.

1. Officers—Compensation of Cannot Be Reduced During Their Term.—Under section 161 of the Constitution the compensation of a public officer when it is fixed before his election or appointment cannot be reduced or changed during his term.

2. Officers — School Superintendent — Compensation of — What Amounts to Change in.—Where the compensation of a school superintendent was fixed before his election at a sum equal to the amount that sixteen cents on each child shown by the census report of all children between the ages of six and twenty would produce; and after his election the legislature so amended the law as that the school age was reduced to children between the ages of six and eighteen and the census report only showed the number of children between these ages, thus reducing his compensation, this reduction was in violation of the Constitution.

3. Schools and School Districts—Compensation of County Superintendent—How Arrived at When Based on Number of School Children in County if There Is No Census.—When the compensation of the county school superintendent is based on the number of school children in the county; and the school age after his election is reduced, thereby decreasing his compensation, the salary which he should receive under the new law should be ascertained on a percentage plan based on the census of former years.

E. P. PHILLIPS and I. W. KEYS for appellant.

R. T. WELLS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Reversing.

At the November election, 1917, Robert E. Broach was elected county school superintendent of Calloway county for a term of four years beginning on the first Monday in January, 1918.

The fiscal court of Calloway county at its regular October term, 1917, entered an order fixing the salary or compensation of the school superintendent for the years 1918, '19, '20 and '21 "at 16 cents on each pupil child entitled to attend the common schools of Calloway county as shown by census report of each year," the same to be payable out of the county levy of each year.

This order of the court, which was made previous to the election of Broach and fixed the compensation of the county school superintendent for the term of his office, was made under and pursuant to section 4419 of the Kentucky Statutes providing in part that the county school superintendent "shall be allowed a salary annually by the fiscal court of his county based on the number of children reported in the census report of the district trustees of such county; which salary shall not be less than eight cents nor more than twenty cents for each pupil child thus reported."

At the time the salary of the school superintendent was fixed the school census report made each year embraced all children in the county between the ages of six and twenty years. Accordingly Broach, as school superintendent, would be entitled to sixteen cents on each child between the ages of six and twenty as shown by the census report of Calloway county.

In March, 1918, the legislature amended many sections of the then existing school law of the state, and among them section 4364 was so amended as to fix the ages of school children at from six to eighteen years. The law was further so amended that the county superintendent in place of being paid on a per capita basis should receive a salary of not less than six hundred dollars nor more than twenty-five hundred dollars per annum.

It will thus be seen that as the salary or compensation of Broach was fixed on a per capita basis, as provided in the statute, at the time the order of the fiscal court was made, and the school age was from six to twenty years, the amendment to this statute fixing the school age at from six to eighteen years reduced the number of children of school age in the county. In other words, a census report of the school children taken under the act of 1918 would omit all children between the ages of eighteen and twenty, thus, of course, reducing the number of children shown by the census report by the number that were between the ages of eighteen and twenty.

This controversy between the school superintendent and the fiscal court comes up in this way. The school superintendent contends that his salary during his term of office for each year should be an amount equal to sixteen cents for each child in the county between the ages

of six and twenty years; while it is insisted by the fiscal court that for the years 1918, '19, '20 and '21 his salary for each year should be equal to the amount of sixteen cents on each child between the ages of six and eighteen years, thus reducing for each of these years in quite a considerable sum the amount he would receive if he got sixteen cents for each child between the ages of six and twenty years.

The lower court adjudged in this suit for a mandamus against Phillips, county judge, asking that he be compelled to make an order in the county court directing the county clerk to draw a warrant on the county treasurer to pay Broach his compensation based upon the census of pupils between the ages of six and twenty years, that he should make such order; and further adjudged that "In view of the fact that no census of the pupils nineteen and twenty years of age was made for the year 1918; . . . that in reaching the basis for determining the amount of plaintiff's compensation for the month of July, 1918, and for each succeeding month of 1918, the defendant will add to the number of pupils in the census as taken and certified for the year 1918, the number of pupils in the census for 1917, as certified by the state superintendent of public instruction, who were then eighteen and nineteen years of age; and for each of the succeeding years, he will determine the amount of plaintiff's compensation in a similar manner, after considering the per cent of increase or decrease as the case may be in the census taken hereafter over the census of former years, and base the increase or decrease of pupils nineteen and twenty years of age as the number of said pupils in the former years bears to the whole number of pupils in the census." From the judgment the county judge prosecutes this appeal.

It is provided in part in section 161 of the Constitution that "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office." Under this section as well as section 235 of the Constitution which contains a similar provision we have written in many cases that when the salary of a public officer is fixed before his election or appointment, neither the legislature nor any other authority has the power to change

in any manner the compensation or salary so fixed by either reducing or increasing it.

And it being admitted in this case that the change made by the legislature in fixing the ages of children of school years did reduce the compensation of the county school superintendent, which had been fixed before his election, the only difficulty in the case arises out of the method of ascertaining how much his compensation will be reduced if the school years are fixed between six and eighteen.

This difficulty, as will be seen, grows out of the fact that no school census will be taken under the act of 1918 of children between the years of eighteen and twenty, and so there is no method provided in the law or furnished by this record by which the reduction in the compensation of the school superintendent can be determined.

It will be observed that the lower court adopted a method by which the number of children between 18 and 20 in the county during the years 1918, '19, '20 and '21 might be ascertained; but it is argued that the plan so laid down is difficult of execution and does not furnish an accurate method of computing the number of children between these ages.

In view of the fact that no school census will be made of children between the ages of eighteen and twenty it is at once apparent that unless a census should be taken any plan adopted would be open to the objection that it would not accurately show the number of children between the ages of eighteen and twenty. But as there is no provision made for taking the census of the school children between eighteen and twenty, and this record does not furnish any suggestion as to how such a census could or should be taken, it becomes necessary to adopt the most practicable and workable scheme the conditions will permit. The plan adopted by the lower court although substantially correct is not perhaps as clear or as easy of execution as it might be, and so we have concluded to formulate the following:

The percentage that the children between the ages of eighteen and twenty, as shown by the census of 1917, bears to the whole number of children returned in that year should first be ascertained. Then looking to the census of 1918 there should be applied to it the percentage of children between eighteen and twenty as shown by the

1917 census, and the number of children found by this percentage when applied to the returns of 1918 should be added to the number returned in the census of 1918. A similar method should be adopted for the years 1919, '20 and '21 for ascertaining the number of children in the county between the ages of eighteen and twenty.

Wherefore the judgment is reversed with directions to enter a judgment in conformity with this opinion. The costs in this court will be divided between the parties.